UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

LESTER JACOB, et ano,

                Plaintiffs,

                                  ORDER

     - against -

                                  CV 2007-4141 (ENV)(MDG)

CITY OF NEW YORK, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - -X

By letter filed on April 29, 2008 (ct. doc. 14), defendants seek reconsideration of this Court's order filed electronically on April 8, 2008 which required defendants to provide, inter alia, memo book entries for June 22, 2007. Defendants' request for reconsideration is untimely since it is filed more than ten days after entry of the original order. See Local Civil Rule 6.3. In fact, the discovery at issue was ordered at a conference on March 3, 2008, as acknowledged by defendants in describing the motion on the docket sheet as one for reconsideration of the March 3rd order.

Even if timely, defendants' motion is also meritless for a host of reasons. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d

Cir. 1995). Rather than pointing to any legal reason or changed circumstances, defendants merely argue that the production is unnecessary because the main purpose for producing the memo books was the identification of all the officers involved in the incident, who have now all been identified. However, plaintiffs dispute that all the officers have been identified and I agree with plaintiffs that the information contained in the memo books may be relevant to other issues. In any event, no party is required to rely on the say-so of opposing counsel, even on the question of identification, to ascertain critical issues. Counsel's earnest representation that all relevant information has been given does not suffice to limit the scope of otherwise relevant discovery. Needless to say, identification of police officers involved is oftentimes difficult and problematic in Section 1983 cases such as in this case. In addition, any claim of burdensomeness is strained, in light of the fact that defendants had consented to production of the documents requested by plaintiffs, as reflected in the minute entry for the March 3rd conference.

Last, plaintiffs seek in their response to compel defendants to provide a witness pursuant to a deposition notice sent pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. This request is denied without prejudice since this Court is not satisfied that their counsel has made a good faith effort to resolve this dispute before raising it. This Court

also believes that defendants should be guided by this order before unilaterally determining in the future to limit the permissible scope or type of discovery.

CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is denied.  Defendants must produce the remaining documents ordered by May 29, 2008.  A short extension of discovery will be discussed at the next scheduled conference on June 18, 2008.

**SO ORDERED.**

Dated:    Brooklyn, New York
          May 13, 2008

/a/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE