**MINUTE ORDER**

**JACOB ET AL V. CITY OF NEW YORK ET AL, 07cv04141 (KAM)(MDG)**

Plaintiffs in this action assert claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights and under state law for false imprisonment, negligence and assault and battery. They allege that Lester Jacobs was wrongfully detained and subject to excessive force when he was stopped while driving home and was mistakenly identified as the driver of a vehicle involved in a hit-and-run accident. This order recapitulates and further explains the rulings made on the record with respect to plaintiffs' letter motion to compel filed on January 21, 2009 (ct. doc. 35).

1. Plaintiffs' requests for production of the daily "rundown report" and missing Bates numbered pages are denied as moot since defendants have produced or agreed to produce them.

2. Since plaintiffs advised at the conference that they do not seek further discovery regarding the "911 tapes," this part of plaintiffs' application is deemed withdrawn.

3. Plaintiffs' request for fees and costs with respect to the 30(b)(6) deposition regarding the 911 tapes is denied without prejudice. Plaintiffs are correct that the deposition would have been unnecessary had production of the tapes been made earlier. Significantly, the defendants clearly had been served with the complaint prior to the time that the tapes were erased following what defendants allege are normal procedures. Nonetheless, the critical fact is that a copy of the tapes has been found because the Civilian Complaint Review Board ("CCRB") had obtained a copy prior to their destruction by the New York City Police Department. Whether these circumstances are analyzed under Fed. R. Civ. P. 37(a)(5) or spoliation jurisprudence, this Court does not find on the record presented that the defendants acted with the requisite state of culpability to warrant the imposition of expenses. Cf. Reilly v. Natwest Markets Group Inc., 181 F.3d

253, 267 (2d Cir. 1999) (since the failure to produce evidence occurs "along a continuum of fault," the determination of the degree of culpability required to support a finding of spoliation must be made on a case by case basis and sanctions tailored "to insure that spoliators do not benefit from their wrongdoing -- a remedial purpose that is best adjusted according to the facts and evidentiary posture of each case").

However, this Court notes that this is hardly the first time that a discovery dispute has arisen over 911 tapes in a Section 1983 case brought against the City of New York and individual police officers.  While this Court understands that the Police Department may have good reason to destroy tapes after a period of time because of the volume of recordings, the space considerations should be weighed against the need for some tapes in court actions and administrative proceedings, both because of discovery obligations and the importance of these tapes to truth-finding.  In most instances, Sprint reports are not a satisfactory substitute.

Compounding the problem caused by the Police Department's tape destruction policy is the apparent lack of procedures to insure prompt preservation of 911 tapes once litigation is reasonably anticipated.  To be sure, "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Federal Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001); see Kronisch v. United States, 150 F.3d 112, 127 (2d Cir. 1998).  This means that, "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."  Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).  While the Court is sympathetic to difficulties that counsel may face in

representing a large municipality with many independent agencies
such as the Police Department, this does not obviate discovery
obligations.  If the Department continues to destroy tapes as a
matter of course, the Court urges the Corporation Counsel's
office and legal department of the Police Department to consider
measures to insure that prompt efforts are undertaken to preserve
the tapes once litigation is anticipated.

    4.  Supplementing the rulings on the record, plaintiffs'
request for fees and costs in having to conduct the 30(b)(6)
deposition regarding the Sprint report is denied.  Such a
deposition was necessary even had the 911 tapes been produced
earlier since the Sprint report contains information which may
lead to the identification of the officers in vehicles responding
to the incident.  Even though the witness apparently was not
prepared to provide all the information sought by plaintiffs, she
did provide some pertinent information on the Sprint report.  In
light of information that has come to light, the remaining
information necessary to identification may be best accomplished
in documentary discovery.  By February 18, 2009, defendants must
identify the occupants of the vehicles listed in the Sprint
report as having responded to the call for backup.  They must
also provide the pertinent pages of their memo books by this date
or promptly thereafter.

    5. Fed. R. Civ. P.  33(a) expressly provides that
interrogatories directed to a corporate party may be answered "by
any officer or agent" who can furnish the information as is
available to the party.  This Court agrees with the City
defendant that its attorney is permitted to sign an interrogatory
response on its behalf as an "officer or agent," but if it does,
the attorney must verify that to the best of his knowledge, the
answers are true and contain all information which is available
to the corporation.  <u>Shire Labs., Inc. v. Barr Labs, Inc.</u>, 236
F.R.D. 225, 228 (S.D.N.Y. 2006); <u>Fernandes v.  United Fruit Co.</u>,

50 F.R.D. 82 (D. Md. 1970). The agent must also have a basis for signing the responses, and thereby state that the responses on behalf of the corporation are accurate. <u>Shepherd v. American Broadcasting Cos., Inc.</u>, 62 F.3d 1469 (D.C. Cir. 1995). Thus, counsel for the City defendant must verify the interrogatory responses and otherwise provide sufficient information to demonstrate that counsel and client have made a good faith effort to respond fully. Interrogatory 1, which requires identification of the persons who provided information in response to the interrogatories, is designed to elicit such information. Having chosen to respond through counsel, defendants are hard put to claim that the information sought is protected by attorney-client privilege and is attorney work product. The identification of persons with knowledge is certainly discoverable and plaintiff's attempt to elicit such information though a question such as interrogatory 1 is a more efficient mode of proceeding than a deposition. <u>See</u> <u>Pontillo v. Federated Department Stores, Inc.</u>, 1993 WL 385727 (S.D.N.Y. 1993).

**SO ORDERED.**

Dated: Brooklyn, New York
February 6, 2009

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE